CASE NOT YET SCHEDULED FOR ORAL ARGUMENT

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE D.C. CIRCUIT**

AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*,

Petitioners,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,

Respondents.

Case No. 26-1037

---

**MOTION OF STATES OF WEST VIRGINIA, KENTUCKY, AND 23 OTHER STATES TO INTERVENE AS RESPONDENTS**

RUSSELL COLEMAN
ATTORNEY GENERAL

Matthew F. Kuhn
*Solicitor General*
Office of the Kentucky Attorney General
700 Capital Avenue
Suite 118
Frankfort, KY 40601
(502) 696-5300
Matt.Kuhn@ky.gov

*Counsel for Proposed Intervenor Commonwealth of Kentucky*

JOHN B. MCCUSKEY
ATTORNEY GENERAL

Michael R. Williams
*Solicitor General*
West Virginia Attorney General's Office
1900 Kanawha Blvd. E
Bldg. 1 Rm. 26E
Charleston, WV 25305
(304) 558-2021
Michael.R.Williams@wvago.gov

*Counsel for Proposed Intervenor State of West Virginia*

In this proceeding for review, Petitioners challenge a decision by the Environmental Protection Agency that rescinds the 2009 Greenhouse Gas Endangerment Finding, which in turn served as a prerequisite for regulating emissions from new motor vehicles and new motor vehicle engines. *See* 91 Fed. Reg. 7686 (Feb. 18, 2026) ("Final Rule"). Under Federal Rule of Appellate Procedure 15(d), the States of West Virginia, Kentucky, Alabama, Alaska, Arkansas, Florida, Georgia, Idaho, Indiana, Iowa, Kansas, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Ohio, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, and Wyoming move to intervene as Respondents.

## BACKGROUND

The Clean Air Act "establishes a comprehensive program for controlling and improving the nation's air quality through state and federal regulation." *BCCA Appeal Grp. v. EPA*, 355 F.3d 817, 821-22 (5th Cir. 2003). This case involves one part of that program.

In 2009, in the context of evaluating potential vehicle emission standards under CAA Section 202, EPA decided that a "well mixed" and "aggregate" group of six gases, including carbon dioxide, endangered public health or welfare. *Coal. for Responsible Regul., Inc. v. EPA*, 684 F.3d 102, 114 (D.C.

Cir. 2012). That finding in turn led to a "cascading series of greenhouse gas-related rules and regulations" that reached beyond the vehicle-emission context and fundamentally reshaped America. *Id.* Relying heavily on agency deference, this Court upheld the Endangerment Finding. *Id.* at 117. But the U.S. Supreme Court has since sustained two challenges to major rules stemming from that finding, largely because they each lacked a sufficient nexus with the CAA's text while imposing sweeping regulatory changes. *See generally West Virginia v. EPA*, 597 U.S. 679 (2022); *Util. Air Regul. Grp. v. EPA*, 573 U.S. 302 (2014).

A few weeks ago, EPA issued the Final Rule, which revisits its 2009 Endangerment Finding. The agency has now concluded that it "lack[s] statutory authority to maintain this novel and transformative regulatory program." 91 Fed. Reg. at 7688. "Congress did not decide the Nation's policy response to global climate change concerns in CAA section 202(a)(1)," EPA explained, "let alone clearly authorize the EPA to make that policy choice by prescribing emission standards." *Id.* Thus, the Final Rule rescinds the Endangerment Finding and repeals the new motor vehicle and engine greenhouse-gas-related emission standards.

Petitioners—a cadre of special interest groups—filed this petition for review of the Final Rule on February 18, 2026. It is the first of what is expected to be many such petitions.

## STANDARD OF REVIEW

Federal Rule of Appellate Procedure 15(d) provides that anyone who wishes to intervene in a proceeding for review of an administrative order may move to do so within 30 days after the petition for review is filed. The motion need only contain "a concise statement of the interest of the moving party and the grounds for intervention." FED. R. APP. P. 15(d); *see also Synovus Fin. Corp. v. Bd. of Governors of Fed. Reserve Sys.*, 952 F.2d 426, 433 (D.C. Cir. 1991).

"Rule 15(d) does not provide standards for intervention, so appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24." *Sierra Club, Inc. v. EPA*, 358 F.3d 516, 517-18 (7th Cir. 2004) (cleaned up); *accord In re Brewer*, 863 F.3d 861, 872 (D.C. Cir. 2017). Sometimes, courts will also consider "the statutory design of the [relevant] act." *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985). Other times, courts have found it sufficient that no prejudice will result from an

otherwise unopposed intervention. *See Int'l Union of Operating Eng'rs, Loc. 18 v. NLRB*, 837 F.3d 593, 596 (6th Cir. 2016).

At bottom, this Court has adopted a relatively liberal approach to intervention, especially when it comes to administrative cases like this one. *See Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 910-11 (D.C. Cir. 1977). "[A] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).

**ARGUMENT**

The factors in Federal Rule of Civil Procedure 24 favor letting the States intervene. Under that rule, "a 'court must permit anyone to intervene' who, (1) '[o]n timely motion,' (2) 'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,' (3) 'unless existing parties adequately represent that interest.'" *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 190 (2022) (quoting FED. R. CIV. P. 24(a)(2)). The Court will also grant intervention if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B).

*First*, the States' motion is timely. The States are filing their motion within 30 days, as the relevant federal rule contemplates. FED. R. APP. P. 15(d). The Court has not yet entered a scheduling order, no party has filed anything other than standard procedural filings, and the States' involvement will not delay any of the dates that will be ordered.

*Second*, the States have a direct and unique interest in these proceedings. Many of the States here are involved in ongoing litigation concerning these vehicle emission standards. *See Kentucky v. EPA*, No. 24-1087 (D.C. Cir. filed Apr. 18, 2024). Likewise, they have filed extended comments on the proposed rule that became the Final Rule. *See, e.g.*, Letter from Att'y Gen. of the States of W. Va., *et al.* to Lee Zeldin, EPA Adm'r (Sept. 22, 2025), https://tinyurl.com/sen4xjfb; Letter from Ind. Att'y Gen., *et al.* to Lee Zeldin, EPA Adm'r (Sept. 22, 2025), https://tinyurl.com/25kftcur. For good reason. Among other things, emission standards increase the costs of managing, maintaining, and replacing fleets of state-owned vehicles. *See* Pet'rs Br. at 8-9, *Kentucky v. EPA*, No. 24-1087 (D.C. Cir. filed Sept. 6. 2024), Doc. 2073629. They increase road and infrastructure costs while depriving States of fuel-tax revenue. *Id.* at 9-10. The state-centered impacts are even greater when one considers the many other greenhouse-gas-related rules that

turn on the 2009 Endangerment Finding. These regulations directly affect (and undermine) critical state industries, energy infrastructure, and more.

Beyond these direct economic effects, the Final Rule raises fundamental questions about how climate-related matters should be addressed—whether through federal administrative agencies, Congress, the States, or other repositories of power. EPA has promulgated the Final Rule in part out of respect for the separation of powers. *See, e.g.*, 91 Fed. Reg. at 7725. And "[t]he allocation of powers in our federal system preserves the integrity, dignity, and residual sovereignty of the States." *Bond v. United States*, 564 U.S. 211, 221 (2011); *see also* Bradford R. Clark, *Separation of Powers As A Safeguard of Federalism*, 79 TEX. L. REV. 1321, 1324 (2001) ("Permitting the federal government to avoid these constraints would allow it to exercise more power than the Constitution contemplates, at the expense of state authority."). Thus, the States should be permitted to speak up for it. No wonder, then, that this Court has allowed States to intervene in previous challenges concerning the Endangerment Finding. *See* Order, *Coal. for Responsible Regul., Inc. v. EPA*, No. 09-1322 (D.C. Cir. May 5, 2010), Doc. 1243328.

Leaving the States out of this litigation would impair their interests. If Petitioners prevail, then the onerous vehicle emission standards will come

alive again. So, too, would all the other greenhouse-gas-related litigation that choked off critical state-level activities for de minimis benefits. If that resumption happens, then the States "might protect their rights by bringing a separate lawsuit" or reviving their pending actions. *Brewer*, 863 F.3d at 873 (cleaned up). That kind of "separate litigation would be difficult and burdensome." *Id.* (cleaned up). And damage to the States' interests while that secondary litigation wends its way through again would be "substantial and likely irreparable." *Fund for Animals v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003).

*Third*, Respondents will not adequately represent the States' interests. To be sure, the States expect that Respondents will defend the Final Rule vigorously. But that identity of interest is not enough to deny intervention when the parties' relevant interests don't "overlap fully." *Berger*, 597 U.S. at 197. The States may bring unique legal arguments (such as special expertise when it comes to the major-questions doctrine) and a unique factual understanding. At the very least, States are in a better position to counter anticipated arguments from other States about the consequences of the Final Rule and climate change for States themselves. After all, state-led efforts were the original impetus for the Endangerment Finding. *See Massachusetts*

*v. EPA*, 549 U.S. 497 (2007). So because "the burden on the applicant of demonstrating a lack of adequate representation should be treated as minimal," the States have more than met the obligation to do so here. *Fund for Animals*, 322 F.3d at 736. That's especially so considering that a "governmental party['s]" interests generally "differ[] from other parties, public or private, that assert their own interests, even when these interests coincide." *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 992 n.21 (2d Cir. 1984).

Beyond the Rule 24 factors, the other factors favor the States, too. For instance, the CAA's statutory design favors intervention. Recall that "[t]he Clean Air Act regulates air quality through a federal-state collaboration." *Ohio v. EPA*, 603 U.S. 279, 283 (2024) (cleaned up). States thus play a central role in cases involving the Act, this one included. And given that the States have acted quickly to intervene, their involvement should not prejudice any party. Indeed, state involvement in environmental litigation of this sort has become routine in this Court. *See, e.g.*, Order, *West Virginia v. EPA*, No. 24-1120 (D.C. Cir. June 6, 2024), Doc. No. 2058199. So the States do not expect any party to oppose their involvement here, either.

## CONCLUSION

The States respectfully request that the Court grant their motion to intervene as Respondents.

Respectfully submitted,

JOHN B. MCCUSKEY
ATTORNEY GENERAL OF
WEST VIRGINIA

/s/ Michael R. Williams
Michael R. Williams
*Solicitor General*

West Virginia Attorney
General's Office
1900 Kanawha Blvd. E
Bldg. 1 Rm. 26E
Charleston, WV 25305
(304) 558-2021
Michael.R.Williams@wvago.gov

*Counsel for State of West Virginia*

RUSSELL COLEMAN
ATTORNEY GENERAL OF
KENTUCKY

/s/ Matthew F. Kuhn
Matthew F. Kuhn
*Solicitor General*

Office of the Kentucky
Attorney General
700 Capital Avenue
Suite 118
Frankfort, KY 40601
(502) 696-5300
Matt.Kuhn@ky.gov

*Counsel for Commonwealth of Kentucky*

STEVE MARSHALL
ATTORNEY GENERAL OF ALABAMA

/s/ A. Barrett Bowdre
A. Barrett Bowdre
*Solicitor General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
Barrett.Bowdre@AlabamaAG.gov

*Counsel for State of Alabama*

STEPHEN J. COX
ATTORNEY GENERAL OF ALASKA

/s/ Jenna M. Lorence
Jenna M. Lorence
*Solicitor General*

State of Alaska
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
(907) 269-5100
jenna.lorence@alaska.gov

*Counsel for State of Alaska*

TIM GRIFFIN
ATTORNEY GENERAL OF ARKANSAS

/s/ Noah P. Watson
Noah P. Watson
*Deputy Solicitor General*

Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 682-2700
noah.watson@arkansasag.gov

*Counsel for State of Arkansas*

JAMES UTHMEIER
ATTORNEY GENERAL OF FLORIDA

/s/ David Dewhirst
David Dewhirst
*Solicitor General*

State of Florida
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
david.dewhirst@myfloridalegal.com

*Counsel for State of Florida*

CHRISTOPHER M. CARR
ATTORNEY GENERAL OF GEORGIA

/s/ John Henry Thompson
John Henry Thompson
*Solicitor General*

Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3373
jhthompson@law.ga.gov

*Counsel for State of Georgia*

RAÚL R. LABRADOR
ATTORNEY GENERAL OF IDAHO

/s/ Michael A. Zarian
Michael A. Zarian
*Solicitor General*

Office of the Idaho Attorney General
700 W. Jefferson St., Suite 210,
Boise, Idaho 83720
(208) 334-2400
michael.zarian@ag.idaho.gov

*Counsel for State of Idaho*

THEODORE E. ROKITA
ATTORNEY GENERAL OF INDIANA

/s/ James A. Barta
James A. Barta
*Solicitor General*

Office of the Indiana Attorney General
IGC South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204
(317) 232-0709
James.Barta@atg.in.gov

*Counsel for State of Indiana*

BRENNA BIRD
ATTORNEY GENERAL OF IOWA

/s/ Eric H. Wessan
Eric H. Wessan
*Solicitor General*

1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

/s/ Dwight R. Carswell
Dwight R. Carswell
*Deputy Solicitor General*

Office of the Kansas
Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612
(785) 268-8410
dwight.carswell@ag.ks.gov

*Counsel for State of Kansas*

LIZ MURRILL
ATTORNEY GENERAL OF LOUISIANA

/s/ J. Benjamin Aguiñaga
J. Benjamin Aguiñaga
*Solicitor General*

Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
(225) 326-6766
AguinagaB@ag.louisiana.gov

*Counsel for State of Louisiana*

CATHERINE HANAWAY
ATTORNEY GENERAL OF MISSOURI

/s/ Louis J. Capozzi III
Louis J. Capozzi III, #77756 (MO)
*Solicitor General*
William James Seidleck, #77794 (MO)
*Principal Deputy Solicitor General*

Office of the Attorney General
Old Post Office Building
815 Olive Street, Suite 200
St. Louis, MO 63101
(573) 645-9662
Louis.Capozzi@ago.mo.gov
William.Seidleck@ago.mo.gov

*Counsel for State of Missouri*

LYNN FITCH
ATTORNEY GENERAL OF MISSISSIPPI

/s/ Justin L. Matheny
Justin L. Matheny
*Deputy Solicitor General*

Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205-0220
(601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for State of Mississippi*

AUSTIN KNUDSEN
ATTORNEY GENERAL OF MONTANA

 /s/ Christian B. Corrigan
Christian B. Corrigan
   *Solicitor General*

Montana Department
Of Justice
215 N Sanders
Helena, MT 59602
(406) 444-2026
christian.corrigan@mt.gov

*Counsel for State of Montana*

MICHAEL T. HILGERS
ATTORNEY GENERAL OF NEBRASKA

 /s/ Zachary B. Pohlman
Zachary B. Pohlman
   *Deputy Solicitor General*

Nebraska Department of Justice
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2683
(402) 471-3297 (fax)
zachary.pohlman@nebraska.gov

*Counsel for State of Nebraska*

DREW H. WRIGLEY
ATTORNEY GENERAL OF NORTH DAKOTA

 /s/ Philip Axt
Philip Axt
   *Solicitor General*

North Dakota Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
(701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

DAVE YOST
ATTORNEY GENERAL OF OHIO

 /s/ Mathura J. Sridharan
Mathura J. Sridharan
   *Solicitor General*
John F. Kerkhoff
   *Deputy Solicitor General*

30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for State of Ohio*

GENTNER F. DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA

 /s/ Garry M. Gaskins II
Garry M. Gaskins II
  *Solicitor General*

Oklahoma Office of the Attorney General
313 NE Twenty-First St.
Oklahoma City, OK 73105
(405) 521-3921
Garry.Gaskins@oag.ok.gov

*Counsel for State of Oklahoma*

ALAN WILSON
ATTORNEY GENERAL OF SOUTH CAROLINA

 /s/ J. Emory Smith, Jr.
J. Emory Smith, Jr.
  *General Counsel*

Office of the Attorney General
PO Box 11549
Columbia, South Carolina 29211
(803) 734-3642
(803) 734-3677 (fax)
esmith@scag.gov

*Counsel for State of South Carolina*

MARTY J. JACKLEY
ATTORNEY GENERAL OF SOUTH DAKOTA

 /s/ Emily Greco
Emily Greco
  *Assistant Attorney General*

South Dakota Office of the Attorney General
1302 East SD Highway 1889, Suite 1
Pierre, SD 57501-8501
(605) 773-3215
emily.greco@state.sd.us

*Counsel for State of South Dakota*

JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER OF TENNESSEE

/s/ J. Matthew Rice
J. Matthew Rice
  *Solicitor General*

Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-6026
matt.rice@ag.tn.gov

*Counsel for State of Tennessee*

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Brent Webster
*First Assistant Attorney General*
Ralph Molina
*Deputy First Assistant Attorney General*
Austin Kinghorn
*Deputy Attorney General for Civil Litigation*
Kellie Billings-Ray
*Chief, Environmental Protection Division*

/s/ Wesley S. Williams
Wesley S. Williams
*Assistant Attorney General*
Texas Bar No. 24108009

Office of the Attorney General
Environmental Protection Division
P.O. Box 12548 (MC-066)
Austin, Texas 78711-2548
(512) 463-2012
(512) 320-0911 (fax)
Wesley.Williams@oag.texas.gov

*Counsel for State of Texas*

DEREK BROWN
ATTORNEY GENERAL OF UTAH

/s/ Stanford Purser
Stanford Purser
*Solicitor General*

Office of the Utah Attorney General
160 E. 300 S., 5th floor
Salt Lake City, Utah 84111
801-366-0533
spurser@agutah.gov

*Counsel for State of Utah*

KEITH G. KAUTZ
ATTORNEY GENERAL OF WYOMING

 /s/ D. David DeWald
D. David DeWald
 *Deputy Attorney General*

Office of the Attorney General of Wyoming
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895
david.dewald@wyo.gov

*Counsel for State of Wyoming*


Dated: March 6, 2026